16-2922(L)
*Reach Music Publ'g, Inc. v. Protoons Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November , two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

───────────────────────────────────────────────

REACH MUSIC PUBLISHING, INC., DAVID REEVES,

> *Plaintiffs-Counter-Defendants–Appellees, Cross-Appellants*,

MICHAEL CLOSTER, REACH GLOBAL, INC.,

> *Counter-Defendants–Appellees, Cross-Appellants*,

> v.                                                    Nos. 16-2922 (Lead),
>                                                              16-3070 (XAP)

PROTOONS INC.,

> *Defendant-Counter-Claimaint–Appellant, Cross-Appellee*,

WARNER/CHAPPELL MUSIC, INC.,

> *Defendant*.

───────────────────────────────────────────────

1

For Plaintiff-Counter-Defendant–Appellee-Cross-Appellant Reach Music Publishing, Inc. and Counter-Defendants–Appellees-Cross-Appellants Michael Closter and Reach Global, Inc.:

ANDREW H. BART, Jenner & Block LLP, New York, NY.

For Plaintiff-Counter-Defendant–Appellee-Cross-Appellant David Reeves:

Edward P. Grosz, Brian D. Caplan, Reitler Kailas & Rosenblatt LLC, New York, NY.

For Defendant-Counter-Claimant–Appellant-Cross-Appellee:

ELLIOT L. BIEN, Bien & Summers, San Rafael, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This appeal arises from litigation initiated by Reach Music Publishing, Inc. ("Reach") and David Reeves against Protoons, Inc. ("Protoons"), in which Protoons successfully defended against Reach and Reeves' claims and prevailed on its counterclaims for breach of contract and tortious interference with contract. Protoons now appeals the judgment of the district court (Forrest, *J.*), which declined to award the attorney's fees Protoons incurred in pursuing its tortious interference counterclaim and denied Protoons punitive damages.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We affirm the district court's judgment.

In 1988 and 1989, Reeves, a songwriter, executed a series of agreements (the "Songwriter Agreements") that transferred his entire interest in certain songs (the "Compositions") to a non-party music publishing company that later assigned that interest to Protoons. Reeves subsequently entered into an agreement purporting to transfer an interest in the Compositions to

---

[1] Cross-appellants Reach, Reeves, Michael Closter, and Reach Global, Inc. have withdrawn their cross-appeal.

Reach, and thereafter Reach and Reeves brought a series of actions against Protoons. In the instant case, Reach and Reeves sought a declaration of their interests in the Compositions, and Protoons counterclaimed for breach of contract against Reeves and tortious interference with contract against Reach.

Reach and Reeves' claims were dismissed with prejudice in 2010. In 2014, the district court granted summary judgment to Protoons on its counterclaim for breach of contract, concluding that the Songwriter Agreements were enforceable and that Reeves had surrendered his copyright interest in the Compositions. Protoons later prevailed on its tortious interference counterclaim following a bench trial. Upon Protoons' motion for damages, the district court awarded Protoons the attorney's fees it incurred in defending against the actions brought by Reach and Reeves, as well as those it incurred in pursuing its breach of contract counterclaim. However, the court declined to award the fees Protoons incurred in pursuing its tortious interference counterclaim, and it did not award punitive damages.

"The standard of review of an award of attorney's fees is highly deferential to the district court." *Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994). "What constitutes a reasonable fee is properly committed to the sound discretion of the district court, and will not be overturned absent an abuse of discretion, such as a mistake of law or a clearly erroneous factual finding." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) (citation omitted). We review a district court's denial of punitive damages for an abuse of discretion. *See Payne v. Jones*, 711 F.3d 85, 97–98 (2d Cir. 2013).

Protoons contends that the district court erred by failing to impose attorney's fees as a sanction against Reach and Reeves for bad-faith litigation conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) ("[A] court may assess attorney's fees when a party has acted in

3

bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)). Specifically, Protoons argues that by not discussing its inherent power to impose such a sanction in its damages opinion, the district court erroneously concluded that it lacked that power. We disagree. Protoons raised the issue of the district court's inherent authority when it moved for damages, and the district court later stated that it "rendered [its damages decision] on the basis of the full panoply of the materials that were presented at the appropriate time." App'x 179. We infer from the district court's decisions that it found that the demanding standard for bad-faith fees was not satisfied, rather than that it lacked authority to impose them. We further conclude that the district court did not abuse its discretion in declining to impose sanctions under the circumstances of this case. *Cf. Chambers*, 501 U.S. at 46 ("[I]f a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees . . . ." (internal quotation marks omitted)).

Protoons also argues that it was entitled to attorney's fees for its tortious interference counterclaim pursuant to Section 505 of the Copyright Act. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may . . . award a reasonable attorney's fee to the prevailing party . . . ."). The district court concluded that Section 505 did not authorize such an award because Protoons' continued litigation of its tortious interference counterclaim was not "necessary to" vindicate Protoons' interest in the Compositions. App'x 164–66 (quoting *InvesSys, Inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 20 (1st Cir. 2004)). For the purposes of this appeal, the parties agree that *InvesSys* properly states the standard under Section 505 for awarding fees on non-copyright claims. Assuming (without deciding) that it does, we conclude that the district court did not err in declining to award fees under Section 505 for the tortious interference counterclaim. Once the district court's summary judgment decision established the

4

validity of the transfers of Reeves' interest in the Compositions, Protoons' pursuit of its tortious interference counterclaim no longer implicated issues that were necessary to resolve its interests in the copyrights at issue.

Finally, we reject Protoons' contention that the district court abused its discretion by declining to award punitive damages. Under New York law, which the parties agree applies here, "[p]unitive damages are awarded in tort actions where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime," *Prozeralik v. Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479 (1993) (internal quotation marks omitted), and such damages are "recoverable in a contract action only if necessary to vindicate a public right," *TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82, 94 (2d Cir. 2005) (internal quotation marks omitted). Protoons' assertion that the district court improperly failed to consider the public interest in this regard is incorrect: the district court explicitly found that "punitive damages are not necessary in this case to vindicate any public interest that consequential damages would inadequately address." App'x 166. Our decision in *Universal City Studios, Inc. v. Nintendo Co.*, cited by Protoons, does not suggest that this finding was erroneous, as the instant case did not involve a similar use of inconsistent litigating positions or feature the same "deliberate, systematic campaign to coerce all . . . third party licensees." 797 F.2d 70, 78 (2d Cir. 1986). In sum, we cannot conclude that the district court's decision not to impose punitive damages under the circumstances here amounted to an abuse of discretion.

We have considered all of the parties' contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5